This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,338**

**JOSE GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Appellate Defender
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION ON REMAND

**BUSTAMANTE, Judge.**

{1}     This matter comes before the Court on remand from our Supreme Court, directing us to reconsider our prior opinion in light of the Supreme Court's opinion in *State v. Montoya*, 2013-NMSC-020, 306 P.3d 426.  We now reverse.

{2}     Defendant appealed his conviction for voluntary manslaughter and third degree shooting at or from a motor vehicle arguing that his conviction for both crimes violated his right to be free from double jeopardy.  In our original opinion filed on September 15, 2011, we affirmed all of Defendant's convictions.  Specifically with regard to his double jeopardy arguments, we relied almost entirely on *State v. Dominguez*, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563, *overruled* 2013-NMSC-020, for our ruling.  Defendant at that point had acknowledged that *Dominguez* was directly on point and that it defeated his claim of a double jeopardy violation.

{3}     In *Montoya*, the Supreme Court specifically overruled *Dominguez* and two other cases which had held that convictions for homicide crimes and shooting from or at a motor vehicle could support separate convictions even though both convictions were premised on the unitary act of shooting and killing one victim. *Montoya*, 2013-NMSC-020, ¶ 54.

**{4}** This case presents the same factual and legal scenario considered in *Montoya*. As such, *Montoya* controls and requires that one of the two convictions be vacated. The only question remaining is which conviction should be vacated.

**{5}** *Montoya* notes that the normal procedure is to vacate the conviction that carries the shorter sentence. In *Montoya* the defendant was apparently convicted of shooting at a motor vehicle resulting in great bodily harm—a second degree felony. *Id.* ¶ 56.

**{6}** We have a different situation in this case. Apart from the straight murder theories, Defendant here was charged only with shooting "a firearm from a motor vehicle with reckless disregard for another person." The jury was not asked to consider any greater or more serious form of the crime. Based on the jury finding of guilty as instructed and in light of the death that ensued, the district court entered a judgment and sentence for shooting at or from a motor vehicle as a third degree felony.

**{7}** Thus, in this case the voluntary manslaughter—a third degree felony—and shooting at or from a motor vehicle carry the same sentence. And, in fact, Defendant was sentenced to identical sentences of six years for each of them. As such *Montoya's* rationale for choosing which conviction to vacate does not apply here.

**{8}** Given that the sentences are the same, we choose to vacate the conviction for shooting at or from a motor vehicle. We believe that the conviction for voluntary

manslaughter—involving as it does the taking of a life—is the more serious crime. *Id.* ¶ 56.

{9}     In our prior Opinion we also rejected Defendant's argument that the district court improperly enhanced his punishment for his conviction of shooting from or at a motor vehicle.  Given our resolution of the primary double jeopardy issue, this assertion becomes moot.

**CONCLUSION**

{10}     In accordance with *Montoya*, we vacate Defendant's conviction for shooting at or from a motor vehicle and remand to the district court for re-sentencing.

{11}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**